UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-14035-Moore/McCabe

DERICK M. CUNNINGHAM and
SCHVONNYA T. LEE,

    Plaintiffs,

v.

FANNIE MAE, et.al.,

    Defendants.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Defendants' Renewed Motion to Dismiss ("Motion"), which was referred to the undersigned by United States District Judge K. Michael Moore. (DE 4, DE 35). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED** and that the Amended Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file a Second Amended Complaint.

**I.    BACKGROUND**

This is a pro se case brought by Plaintiffs (husband and wife) regarding a lien on their property located in Fort Pierce, Florida ("Property"). (DE 12). Plaintiffs name the following Defendants in the Amended Complaint:[1]

- Fannie Mae
- Freddie Mac
- Lennar Title, Inc.

---

[1] Plaintiffs amended their original complaint to correct the spelling of one of the Defendant's names. (DE 11).

- Lennar Homes, LLC
- Lennar Mortgage, LLC
- Lakeview Loan Servicing, LLC
- LoanCare, LLC
- ICE Mortgage Technology, Inc.

(DE 12 at 1). Plaintiffs also name "all persons known or unknown claiming any equitable rights, title, interests, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto." (DE 12 at 1). The Amended Complaint contains no numbered paragraphs and no counts alleging causes of action, aside from the words "Action to Quiet" at the top of the first page. (DE 12 at 1).

Based on the allegations of the Amended Complaint, Plaintiffs own the Property, having purchased it in or around 2022. (DE 12 at 3, 24-27). Defendants assert a lien on the Property by way of a mortgage recorded in the public records. (DE 12 at 3, 28-37). The Amended Complaint asserts that Defendants have no legitimate basis for this lien for a variety of reasons, including unconscionability, non-disclosure of material terms, and deceptive lending practices. (DE 12 at 3). The Amended Complaint also references, inter alia, a violation of the Federal Reserve Act, a "quiet title claim based on equitable subrogation," an "Article 8-102 adverse claim," a "declaratory judgment," "breaches of federal statutes," and "explicit contract violations." (DE 12 at 3).

## II.    DISCUSSION

By way of this Motion, Defendants seek dismissal of the Amended Complaint on multiple grounds, but the Court need only address two: (A) lack of subject matter jurisdiction, and (B) the rule against shotgun pleadings. The Court will address each ground in turn.

**A.     Subject Matter Jurisdiction**

"Federal Courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (cleaned up). Most commonly, federal courts have the power to decide two types of cases: (1) federal question cases, which means cases that arise under the "Constitution, laws, or treaties of the United States," as set forth in 28 U.S.C. § 1331; and (2) diversity cases, which means certain cases that arise between citizens of different states, as set forth in 28 U.S.C. § 1332. If a court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." *Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (quoting Fed. R. Civ. P. 12(h)(3)).

Pursuant to Fed. R. Civ. P. 8(a)(1), a plaintiff's complaint must set forth "a short and plain statement of the grounds for the court's jurisdiction" as well as facts that support the assertion of jurisdiction. The Amended Complaint here fails to comply with this requirement, and the Court could justify dismissal on this basis alone.

Given Plaintiffs' pro se status, however, the Court has also looked to Plaintiffs' civil cover sheet, which claims that this case arises under "federal question jurisdiction." (DE 1-1). The Court has carefully reviewed the Amended Complaint and finds no basis for this assertion. Although Plaintiffs allege that Defendants "violated the Federal Reserve Act," courts have repeatedly found that the Federal Reserve Act does not give rise to a private cause of action. *See Thomas v. Family Sec. Credit Union*, No. CV 23-00222-TFM-B, 2024 WL 478070, at *5 (S.D. Ala. Jan. 17, 2024), *R. & R. adopted*, 2024 WL 474837 (S.D. Ala. Feb. 7, 2024) (collecting cases). Likewise, although the Amended Complaint refers to "breaches of federal statutes," it does not identify any such statutes (apart from the Federal Reserve Act which does not allow a private cause of action).

At its core, the Amended Complaint seems to allege a state-law action to quiet title, devoid of any federal claims. As such, the Court finds that Plaintiffs fail to allege federal question jurisdiction. *See Van Schaick v. Florida*, No. 24-CV-21053, 2024 WL 1910427, at *5 (S.D. Fla. Apr. 15, 2024), *R. & R. adopted*, 2024 WL 1908840 (S.D. Fla. Apr. 30, 2024) ("In determining the presence of a federal question, this Court looks to the substance, not the labels, of a plaintiff's claims as contained in the factual allegations in the complaint."); *see also Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (noting the test for federal question jurisdiction involves determining "whether a federal question appears on the face of the plaintiff's well-pleaded complaint").

As to diversity jurisdiction, the Court likewise finds, after careful review, that Plaintiffs have not alleged facts that show jurisdiction. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a). Complete diversity must exist, meaning that no plaintiff and defendant can be citizens of the same state. *Palmer Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). For individuals, courts determine "citizenship" based on (1) physical presence within a state, and (2) the mental intent to make a home there indefinitely. *Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir.1984). A corporation is a "citizen" of its state of incorporation as well as the state where its principal place of business can be found. 28 U.S.C. § 1332(c)(1). The "principal place of business" means the corporation's nerve center, i.e., "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

The Amended Complaint here contains insufficient facts to allow the Court to determine the amount in controversy or the existence of complete diversity of citizenship. As such, the Amended Complaint must be dismissed for failure to allege facts that show diversity jurisdiction.

Given Plaintiffs' pro se status, the Court recommends dismissal without prejudice with leave to file a Second Amended Complaint. The amended pleading must allege sufficient facts to show the existence of subject matter jurisdiction based on federal question and/or diversity jurisdiction.

### B. Shotgun Pleadings

The Court also recommends dismissal for a second reason, namely, violation of Fed. R. Civ. P. 8 and 10. Rule 8(a)(2) requires complaints to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires that each claim be presented in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate occurrence ... be stated in a separate count." Complaints that violate Rules 8(a)(2) and 10(b) are known as "shotgun pleadings." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both.").

Shotgun pleadings fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a [responsive] pleading constitutes shotgun pleading."). Shotgun pleadings commonly suffer from one or more of the following deficiencies:

> (1) they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, and leaving the last count to be a combination of the entire complaint;
>
> (2) they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;
>
> (3) they do not separate each cause of action into a different count; and
>
> (4) they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Weiland*, 792 F.3d at 1323.

The Amended Complaint here suffers from multiple of the above deficiencies making it difficult to understand the claims asserted against the Defendants. Among other problems, the Amended Complaint repeatedly lumps all Defendants together without specifying which Defendants did what acts. This is especially problematic here, where it appears that the Defendants may have different roles regarding the Property, i.e, a title company, loan servicer, etc. In any amended pleading, Plaintiffs shall specify each Defendant's involvement in the alleged violations.

Next, the Amended Complaint does not follow the Federal Rules of Civil Procedure by setting forth separately numbered paragraphs, with each cause of action separated into separately numbered counts. Instead, the Amended Complaint sets forth a hodgepodge of potential claims, causes of action, and boilerplate legal terms, including "quiet title," "unconscionable contract," "the Federal Reserve act," "equitable subrogation," "Article 8-102 adverse claim," "the statute of limitations and fraud," and "declaratory judgment." (DE 12 at 3).

All of this leaves the Defendants uncertain as to the exact legal claims Plaintiffs seek to bring. In any amended pleading, Plaintiffs shall set forth their complaint in numbered paragraphs and they should separate their legal claims into separately numbered counts with one legal theory per count. Also, a complaint must do more than make conclusory, boilerplate allegations; it must

allege sufficient factual matter to state a claim of relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In any amended pleading, Plaintiffs must clearly describe what happened in "a short and plain statement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Finally, Plaintiffs sue a catch-all category of persons identified as "all persons known or unknown claiming any equitable rights, title, interests, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title, or any cloud upon Plaintiff's title thereto." (DE 12). The Federal Rules of Civil Procedure do not allow such catch-all categories. *See Clarke v. LNV Corp.*, No. 314CV00139TCBRGV, 2015 WL 11439083, at *1 (N.D. Ga. Apr. 6, 2015), *R. & R. adopted*, 2015 WL 11622971 (N.D. Ga. May 13, 2015) (finding the following description to be insufficient: "all persons claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title thereto").

Instead, a complaint must "adequately describe the person to be sued so that the person [can] be identified for service." *Dean v. Barber*, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992) (cleaned up); *Uppal v. Wells Fargo Bank, NA*, 8:19-CV-1334-T-02JSS, 2019 WL 5887182, at *6 (M.D. Fla. Nov. 12, 2019) (noting that "there is a difference between suing a specific, known party under a fictitious name which is permitted in certain circumstances and suing an entirely unknown, hypothetical person which is prohibited in federal court."). Any amended pleading shall name as defendants only parties who can be adequately identified for purposes of service of process.

### III.  RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 35) be **GRANTED**. Because Plaintiffs may be able to plead additional facts to cure these pleading deficiencies, the undersigned further **RECOMMENDS** that Plaintiffs' Amended Complaint be

**DISMISSED WITHOUT PREJUDICE** with leave to file a Second Amended Complaint. **Pending the District Judge's resolution of this Report and Recommendation, Plaintiffs may only file an amended pleading in full compliance with Fed. R. Civ. P. 15.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 15th day of May 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc:   counsel of record; Plaintiffs, *pro se*.